UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA

V.                                                          INDICTMENT NO. 6:16cr23-GFVT

ANIS CHALHOUB, M.D.

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

<u>**GENERAL ALLEGATIONS**</u>

At all times relevant to this Indictment:

1. **ANIS CHALHOUB** was a licensed cardiologist in the Commonwealth of Kentucky.

2. Medicare was a health care benefit program under 18 U.S.C. § 24(b); that is, a public or private plan or contract, affecting commerce, under which medical benefits, items and services were provided to individuals.

3. Medicare Part A (Hospital Insurance) helped cover, among other things, inpatient care in hospitals. Medicare Part A covered medically necessary inpatient hospital care, including medically necessary testing. Beneficiaries were required to meet certain conditions to get these benefits.

4. Medicare Part B (Medical Insurance) helped cover doctors' services, outpatient care, and supplies, when they were ordered by a doctor and were medically

necessary. Medicare Part B paid for 80% of the allowed amount of medically necessary physician services, outpatient services and other medical services. The remaining 20% of the Part B charges were paid by the Medicare beneficiary.

5. Medicaid was a health care benefit program under 18 U.S.C. § 24(b); that is, a public or private plan or contract, affecting commerce, under which medical benefits, items and services were provided to individuals. Medicaid was jointly funded by the states and the federal government. Beneficiaries were required to meet certain conditions to get these benefits.

6. The Centers for Medicare & Medicaid Services ("CMS") was a federal agency within the United States Department of Health and Human Services and was responsible for administering the Medicare and Medicaid programs. CMS had the authority to make coverage and medical necessity determinations.

7. At all times relevant, Medicare and Medicaid prohibited payment for items and services that were not "reasonable and necessary" for the diagnosis and treatment of an illness or injury. Medicare claim forms, for example, required the provider who made a claim for services to certify that the services were "medically indicated and necessary for the health of the patient."

8. Federal regulations required that healthcare practitioners provide services economically and only when, and to the extent, medically necessary; were of a quality meeting professionally recognized standards of healthcare; and were supported by evidence of medical necessity and quality in such form and fashion and at such time as may reasonably be required by a reviewing peer review organization in the exercise of its

duties and responsibilities. 42 U.S.C. § 1395y(a)(1)(A).

9. **CHALHOUB** provided and billed for services to Medicare, Medicaid and other publicly and privately insured beneficiaries.

## THE SCHEME AND ARTIFICE TO DEFRAUD

10. From on or about an exact date unknown, but at least in or about March 2007, through at least on or about July 13, 2011, **CHALHOUB** did devise and intend to devise a scheme and artifice to defraud and obtain money from federal health care benefit programs by means of false and fraudulent pretenses, representations, and promises.

It was part of the scheme to defraud that at various times:

11. **CHALHOUB** implanted single chamber and dual chamber permanent pacemakers in patients without sufficient medical need or justification.

12. **CHALHOUB** caused claims for medically unnecessary procedures and services to be submitted to health care benefit programs.

13. As a result of these unnecessary procedures, **CHALHOUB** caused claims for payment to be submitted to Medicare, Medicaid, and other public and private health care benefit programs.

## THE CHARGE

## COUNT 1
## 18 U.S.C. § 1347

14. The Grand Jury realleges and incorporates by reference the allegations set forth in paragraphs 1 through 13 of the Indictment.

15. From on or about an exact date unknown but at least March 2007,

through at least on or about July 13, 2011, in Laurel County and elsewhere in the Eastern District of Kentucky,

## ANIS CHALHOUB, M.D.,

knowingly and willfully executed, and attempted to execute, a scheme and artifice to defraud health care benefit programs affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is, Medicare, Medicaid and other government health care benefit programs and private insurers, and to obtain by means of false and fraudulent pretenses described herein, money and property owned by, and under the custody of Medicare, Medicaid and other government health care benefit programs and private insurers, in connection with the delivery of and payment for health care benefits, items, and services, in violation of 18 U.S.C. § 1347.

**A TRUE BILL**

*[signature]*
KERRY B. HARVEY
UNITED STATES ATTORNEY

## PENALTIES

**COUNT 1:** Not more than 10 years imprisonment, $250,000 fine, and 3 years supervised release.

If the violation results in serious bodily injury, not more than 20 years imprisonment, $250,000 fine, and 3 years supervised release.

**PLUS:** Mandatory special assessment of $100.

**PLUS:** Restitution, if applicable.