UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No. 16-cr-23 |
| V. | ) | |
| ANIS CHALHOUB, M.D., | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Defendant's Motion to Reconsider [R. 44] this court's Order disqualifying Defense counsel Kent Wicker. [R. 39.] Because the Defendant does not raise any issue that is a clear error of law and this Court does not see any manifest injustice that needs corrected, Defendant's Motion for Reconsideration is DENIED.

**I**

As this Motion for Reconsideration stems from the same factual basis from the original Motion to Disqualify, the facts from that opinion are incorporated by reference. As noted below, the Court also makes one correction to the record.

On March 10, 2011, three doctors from Saint Joseph Hospital in London, KY, filed a qui tam complaint under the False Claims Act "alleging that several doctors affiliated with SJL, including Chalhoub, performed a variety of unnecessary cardiac procedures, such as stents and pacemakers." [*See* R. 29 at 3; *U.S. ex rel. Jones v. Saint Joseph Health System, Inc*, 6:11-cv-00081-GFVT.] In response to the qui tam complaint, on September 29, 2011, the Government sent a Civil Investigative Demand to St. Joseph Health Systems. [R. 29 at 4.] As part of its

response to the Civil Investigation Demand, Saint Joseph Health Systems "provided a privilege log . . . which contained a number of entries that related to Chalhoub." [R. 29 at 5.] Mr. Wicker was copied on this email. [*Id*. at 5.] The Defendant points out in his current Motion for Reconsideration that, though Mr. Wicker "was copied on an email transmitting a privilege log to the government [, . . . ] no party has suggested that Mr. Wicker was on any of the emails included on the actual privilege log itself." [R. 44-1 at 2.] Since the Government does not dispute this correction of the Court's opinion, the Court accepts this correction as true.

Mr. Wicker was approached in mid-April 2017 to represent Dr. Chalhoub. [R. 30 at 4.] He considered whether his representation of CHI would impact his ability to represent Dr. Chalhoub and wisely reached out to the Kentucky Bar Association Ethics Hotline in a timely manner. [*Id*.] Mr. Wicker spoke with Frank Mellen, a partner at Wyatt, Tarrant & Combs and a volunteer for the Kentucky Bar Association Ethics Hotline Committee, about his representation and Mr. Mellen "concluded that there was no conflict precluding Mr. Wicker's representation." [*Id*. at 5.]

Oral Argument was conducted on May 26, 2017, on this limited issue. This Court requested Mr. Wicker return to the Kentucky Bar Association and seek another opinion with the additional information the Government provided concerning Mr. Wicker's representation of CHI and Saint Joseph Health Systems. [R. 37 at 47.] Mr. Wicker promptly submitted the additional information to the Kentucky Bar Association. On May 31, 2017, Mr. Wicker notified the Court that the Kentucky Bar Association declined to provide another opinion.[1] [*See* R. 33.]

---

[1] The Kentucky Bar Association declined to provide another opinion pursuant to KBA E-297 and KBA E-397. [*See* 33-1 at 1.] Consequently, the Court has the benefit of reviewing a more complete record than the Kentucky Bar Association had when they issued their initial opinion.

This Court entered a Memorandum Opinion and Order on June 13, 2017, holding that Mr. Wicker should be disqualified from representing the Defendant pursuant to the Kentucky Supreme Court Rule 1.9. [R. 39.] Defendant filed a Motion for Reconsideration on June 22, 2017. [R. 44.]

## II

Though not explicitly provided for in the Federal Rules of Criminal Procedure, District Courts may evaluate Motions to Reconsider in the criminal context "under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e)." *United States v. Ogden*, No. 06-20033, 2008 WL 2704539, at *1 (W.D. Tenn. July 2, 2008). Federal Rule of Civil Procedure 59(e) provides that a judgment can be set aside or amended for one of four reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in the controlling law; or (4) to otherwise prevent manifest injustice. *See also, ACLU of Ky. v. McCreary County, Ky.*, 607 F.3d 439, 450 (6th Cir.2010); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir.2005). A district court has discretion to grant or deny a Rule 59(e) motion. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir.1999). Re-argument is not an appropriate purpose for a motion to reconsider. *Davenport v. Corrections Corp. of America*, 2005 WL 2456241 (E.D.Ky. Oct. 4, 2005). The Defendant seeks to set aside this Court's Order to Disqualify Kent Wicker based on "clear error of law and to prevent manifest injustice." [R. 44-1 at 4.] Accordingly, only these two factors will be considered.

## A

First, Defendant objects to this Court's speculation as to potential areas of conflict between Chalhoub and CHI/Saint Joseph Health Systems, Mr. Wicker's current and former

3

clients, respectively.  This Court relied on *Bowers v. Ophthalmology Grp.*, 733 F.3d 647, 651–52 (6th Cir. 2013), to "reconstruct" the original attorney/client relationship and evaluate "what confidential information could have been imparted in that representation, and to decide whether that information has any relevance to the attorney's representation of the current client." Speculation in this case is necessary pursuant to Rule 1.9, as the comments make clear that the "former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter."2 Ky. S.Ct. R. 3.130(1.9 cmt. 3).

    The Defendant suggests that this Court examine *in camera* any information the Government deems privileged.  This Court has relied on *Bowers v. Ophthalmology Grp.*, 733 F.3d 647, 651–52 (6th Cir. 2013), and finds support also in *Wheat v. United States*, 486 U.S. 153, 164 (1988).  This Court does not need to be persuaded by "a demonstration of actual conflict but by a showing of a serious potential for conflict." *Wheat v. United States*, 486 U.S. 153, 164 (1988).  Rule 1.9 anticipates this type of scenario.  Disqualifying an attorney because he may have information that is confidential is difficult for District Courts in the pretrial phase and Court must fully examine the "facts and circumstances of each case" to see where attorneys should be disqualified. *Wheat v. United States*, 486 U.S. 153, 164, 108 S. Ct. 1692, 1700, 100 L. Ed. 2d 140 (1988).  Viewing evidence *in camera* would certainly have been an option for this Court in making its decision, but no such demonstration of actual evidence was needed to disqualify Mr. Wicker.

    The Defendant instead asserts that this Court should rely on an unpublished District Court case from the North District of Ohio, *U.S. v. Farmer*, Case No. 1:14-cr-362, 2015 WL 196027, *7 (N.D. Ohio Jan. 14, 2015).  The Defendant asserts that this case holds that "potential

4

conflicts based on hypotheticals that are not likely to develop into actual conflicts do not warrant disqualification." [R. 44-1 at 6.] First, this case is merely persuasive and was not decided in Kentucky under Kentucky's ethics rules, but it also did not hold that the Court cannot speculate when considering whether to disqualify attorneys. Rather, it held more specifically that the "'hypothetical' conflicts" outlined by the Government in that specific case with those specific facts were "not likely to burgeon into the type of conflict . . . that could give rise to an ineffective assistance of counsel argument on appeal. *United States v. Farmer*, No. 1:14CR362, 2015 WL 196027, at *7 (N.D. Ohio Jan. 14, 2015).

The Court has analyzed the scope of Mr. Wicker's representation in this opinion and the previous opinion [R. 39] and found that there is sufficient proof that his prior representation may "burgeon into an actual conflict as the trial progresses." *Wheat v. United States*, 486 U.S. 153, 163, 108 S. Ct. 1692, 1699, 100 L. Ed. 2d 140 (1988). This Court declines to investigate these issues *in camera*.

**B**

Second, the Defendant objects to this Court's use of the analysis from *Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio*, 900 F.2d 882, 889 (6th Cir.1990). As pointed out in the Court's Memorandum Opinion and Order, the analysis in *Dana Corp* tracks significantly with Rule 1.9, which parties have already agreed governs whether or not Mr. Wicker can represent the Defendant:

> [T]he Sixth Circuit has held that "the effect of using the Kentucky Rules of Professional Conduct in place of or in conjunction with [the] *Dana* analysis is minimal at best because the relevant Kentucky Rule is essentially the same." *Id*. As preventing a Defendant from fully exercising his Sixth Amendment right is a serious consideration, the Court will look at all elements of the *Dana Corp* analysis here, as well as Rule 1.9, which each indicate that Mr. Wicker should be disqualified from representing Dr. Chalhoub.

5

[R. 39 at 7.] Indeed, in the current Motion for Reconsideration, Defendant agrees that Rule 1.9 governs whether Mr. Wicker should be allowed to represent him. [R. 44-1 at 8.]

Whether or not the *Dana Corp.* analysis should have been used is secondary to the fact that this Court has already analyzed each point according to Kentucky Supreme Court Rule 1.9. [*See* R. 39 at 13.] The Court declines to reanalyze the same issues.

**C**

Third, the Defendant argues that since CHI/Saint Joseph Health Systems is not a party in this criminal action, there is no attorney/client relationship as required by the *Dana Corp.* analysis. In short, the Defendant is correct that CHI/Saint Joseph Health Systems is not a party to this litigation, but that does not cure the potential conflict.

Under *Holloway* and *Sullivan*, a trial court has the duty to inquire adequately into a trial counsel's conflict of interest if it knows or reasonably should know that a particular conflict exists. *See Holloway*, 435 U.S. at 483–84, 98 S.Ct. 1173 (establishing duty); *Sullivan*, 446 U.S. at 347, 100 S.Ct. 1708 (holding that a trial court must make an inquiry if it knows or reasonably should know that a particular conflict exists)." *Moss v. United States*, 323 F.3d 445, 471 (6th Cir. 2003). Rule 1.9 states, "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." As stated previously, the Sixth Circuit has explicitly recognized that "the most common example of an actual conflict of interest arising from successive representation occurs where an attorney's former client serves as a government witness against the attorney's current client at trial." *Moss v. United States*, 323 F.3d 445, 460 (6th Cir. 2003).

Here, the Government raised the issue of a conflict rather than CHI/Saint Joseph Health Systems and this Court did its duty to inquire as to whether the Mr. Wicker should be disqualified. Though CHI/Saint Joseph Health Systems is not itself prosecuting Dr. Chalhoub, it is working as a cooperating witness against the Government. The Government intends to call witnesses from CHI/Saint Joseph Health Systems, as it must, as Dr. Chalhoub performed the acts listed in the indictment while employed by CHI/Saint Joseph Health Systems. The indictment against Dr. Chalhoub arises out of the investigation initially instigated against CHI/Saint Joseph Health Systems. CHI/Saint Joseph Health Systems is opposed to Mr. Wicker representing Dr. Chalhoub and claim Mr. Wicker does have privileged information from his prior representation of them.

The Defendant does not acknowledge that his case is materially adverse to CHI/Saint Joseph Health Systems, but the Sixth Circuit has made clear that, in situations where an attorney is forced to cross-examine a former client, an actual conflict exists. The fact that CHI/Saint Joseph Health Systems is not an actual party to this litigation does not change this Court's analysis.

### III

Accordingly, and for the reasons stated above, the Defendant's Motion for Reconsideration [R. 44] is **DENIED**.

This the 31st day of August, 2017.

Gregory F. Van Tatenhove
United States District Judge