UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 16-cr-23 |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ANIS CHALHOUB, M.D., | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This mater is before the Court on Defendant's Objection to the Magistrate Judge's Denial of Motion for Bill of Particulars.  [R. 64.]  For reasons outlined below, the objection to the Magistrate Judge's order is **DENIED**.

# I

## A

Dr. Chalhoub was indicted in June 2016 for allegedly violating 18 U.S.C § 1347, defrauding Medicare, Medicaid, and other public and private health care programs.  The Government alleges that Chalhoub "implanted single chamber and dual chamber permanent pacemakers in patients without sufficient medical need or justification" and "caused claims for medically unnecessary procedures and services to be submitted to health care benefit programs." [R. 1 at 3.]

Pursuant to Federal Rule of Criminal Procedure 7(f), Chalhoub moved for a bill of particulars on:

(1) the identities of the  specific patients in whom Dr. Chalhoub allegedly implanted single chamber and  dual chamber permanent pacemakers "without specific medical

need or justification," as alleged in paragraph 11 of the Indictment; and (2) the nature of the "medically unnecessary procedures and services," as alleged in paragraph 12 of the Indictment, the identities of the specific patients on whom the "medically unnecessary procedures and services" were allegedly performed, and the specific dates on which such "medically unnecessary procedures and services" were allegedly performed.

[R. 57 at 1.]

The Defendant has received two expert reports by Dr. David Spragg, which address thirty-three (33) and thirty-two (32) patients; and medical records on at least thirty-seven (37) patients. [R. 57-1 at 2.] Due to these various sets of discovery, Dr. Chalhoub claims that he cannot tell "whether he is being charged solely with implanting allegedly unnecessary pacemakers in the 32 or 33 patients listed in the Spragg Reports, or whether he is being charged with performing other allegedly unnecessary procedures on as many as 37 patients, or both." [R. 57-1 at 2.]

## B

This matter was referred to the Magistrate Judge, who denied the request for bill of particulars and held that "[t]he indictment, expert reports, and briefing on this motion, taken together, provide more than the necessary detail for Defendant to prepare a defense." [R. 63 at 4.] Dr. Chalhoub filed a timely objection to the Magistrate Judge's order. See Fed. R. Crim. P. 59(a). This Court must consider the objection and "modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.* Because the Magistrate Judge's holding was neither contrary to law nor clearly erroneous, this Court **DENIES** Dr. Chalhoub's objection. [R. 64.]

## II

A bill of particulars is intended to "inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at time of trial and to enable him to plead his acquittal or conviction . . . ."

*United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965). "When a bill of particulars has been furnished, the government is strictly limited to the particulars which it has specified." *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965). Accordingly, courts should "balance the defendant's need for the information against the effect of narrowing the Government's scope of proof." *United States v. Martin*, 822 F.2d 1089 (6th Cir. 1987). The test for granting a motion for a bill of particulars is "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981) (quoted by *United States v. Martin*, 822 F.2d 1089 (6th Cir. 1987)).

The indictment is sufficiently clear here, as it identifies the "elements of the offense," *Kendall*, 665 F.2d at 134, that Chalhoub "implanted single chamber and dual chamber permanent pacemakers in patients without sufficient medical need or justification" and "caused claims for medically unnecessary procedures and services to be submitted to health care benefit programs." [R. 1 at 3.] Further, the indictment provides the Defendant with the dates he allegedly violated 18 U.S.C § 1347. [R. 1-1 at 4.] Ambiguities that remain in the indictment have been further resolved by the disclosure of expert reports by the Government. By Dr. Chalhoub's own admission, he has been provided with two different expert reports that have identified thirty-two (32) and thirty-three (33) patients and received medical records on at least thirty-seven (37) patients. [R. 57-1 at 2.] The indictment combined with the expert reports and discovery provide a general outline of the proof the Government intends to provide at trial and this Court does not find it necessary to further bind the Government to a more specific set of evidence by requiring a bill of particulars.

Dr. Chalhoub relies on a series of cases that are not binding on this Court and, in any event, are factually distinguishable. *See United States v. Bortnovsky*, 820 F.2d 572 (distinguished by the Sixth Circuit multiple times, "[h]ere, the indictment provided the general dates of the falsifications, and the defendants had sufficient notice of their suspected roles in the fraud." *United States v. Younes*, 194 F. App'x 302, 310 (6th Cir. 2006)); *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (RICO case where Defendant was presented "with evidence of extortions aimed at entirely different companies" during trial that was not included in the indictment); *United States v. Perry*, 30 F. Supp. 3d 514, 524 (E.D. Va. 2014) (holding bill of particulars necessary where allegations of falsification/alteration in thousands of documents took "differing forms" and that even the Government's "witnesses will have difficulty identifying which [documents] were falsified"). Here, Dr. Chalhoub has been provided with a reasonable number of patient files to conduct his own discovery and adequately prepare a defense and no bill of particulars is required.

### III

Because the Magistrate Judge's order was neither contrary to law nor clearly erroneous, Fed. R. Crim. P. 59(a), Dr. Chalhoub's Objection to the Magistrate Judge's ruling on the bill of particulars is **DENIED**. [R. 64.]

This the 1st day of February, 2017.

Gregory F. Van Tatenhove
United States District Judge