UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION - LONDON
MINUTES-GENERAL

Case No: 6:16-CR-23-1-GFVT-HAI    At LONDON    Date: February 6, 2018

PRESENT: HON. HANLY A. INGRAM, U.S. MAGISTRATE JUDGE

| Sheila Douglas | Audio File Number | Andrew Smith |
|---|---|---|
| Deputy Clerk | Court Reporter | Asst. U. S. Attorney |

I, Sheila Douglas, Deputy Clerk, CERTIFY the official record of this proceeding is an audio file KYED-LON_6-16-CR-23-1-GFVT-HAI_20180206_140153.

DEFENDANT:                                          ATTORNEYS FOR DEFENDANT:

Anis Chalhoub (NP)(bond)                            J. Guthrie True, Nicole Elver (Present)(retained)

PROCEEDINGS: MOTION HEARING - non-evidentiary

This matter was called for a hearing regarding Defendant's motion for issuance of subpoenas in accordance with Federal Rule of Criminal Procedure 17(c). D.E. 66. Counsel were present as noted. The Court made counsel aware of a relationship with Baptist Health Lexington. Counsel for both sides stated they do not perceive a conflict on the Court's part at this time.

As stated on the call and based on the position of the United States, the Court believes that Rule 17(c)(3) is implicated in that the medical records Defendant seeks to subpoena would contain "personal or confidential information about a victim." According to this Rule, before issuing the order, the court must require that notice be given to the victims so the victims "can move to quash or modify the subpoena or otherwise object."

Among the requested subpoenas is one requiring records concerning any patient for whom Dr. Aaron Hesselson "turned off" a pacemaker. *See* D.E. 66 at 4; D.E. 68 at 1-3; D.E. 72 at 5. Because the identities of these patient-victims are not currently known, the notice requirement of Rule 17(c)(3) cannot be satisfied. The motion for that subpoena will be denied without prejudice. However, in relation to Defendant's other requested subpoenas, the Court will require the government to provide notice to the affected patient-victims before the subpoenas will issue.

Accordingly, **IT IS HEREBY ORDERED THAT:**

(1)    Any objection to the application of Rule 17(c)(3)'s notice requirement in this matter **SHALL BE FILED** on or before **Friday, February 9, 2018.**

(2)    The government **SHALL PROVIDE NOTICE** of the requested subpoenas to all affected patient-victims on or before **Wednesday, February 14, 2018.** The notices **SHALL** include the Motion (D.E. 66), the Response (D.E. 72), the Reply (D.E. 76), and the proposed subpoena implicating the particular patient-victim. Notice **SHALL** be delivered to the last known address for the patient-victim or their attorney.

(3) On or before **Wednesday, February 21, 2018**, the government **SHALL FILE** a notice in the record indicating whether any patient-victim intends to "move to quash or modify the subpoena or otherwise object." Fed. R. Crim. P. 17(c)(3).

(4) Defendant's motion for a subpoena for "medical records for any patient previously treated by Dr. Anis Chalhoub on which Dr. Hesselson turned off, turned down, or otherwise deactivated the pacemaker" (D.E. 68 at 1-3) is **DENIED WITHOUT PREJUDICE.**

Copies To:
COR

Clerk's Initials: syd

| TIC: | 51 |
|---|---|
| min. | |



Signed By:
*Hanly A. Ingram*
United States Magistrate Judge