UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal No. 6:16-cr-00023-GFVT-HAI |
| V. | ) **MEMORANDUM OPINION** |
| ANIS CHALHOUB, M.D., | ) **&** |
| Defendant. | ) **ORDER** |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on the United States's Motion in Limine to Exclude the Testimony of Cristine Miller. [R. 108.] For the following reasons, the Motion [R. 108] is **GRANTED**.

**I**

In June 2016, a Federal Grand Jury returned an Indictment against Anis Chalhoub, M.D. [R. 1.] Chalhoub was charged with one count of health care fraud according to 18 U.S.C. § 1347. [*Id.*] The Government alleges that, from March 2007 through July 13, 2011, Chalhoub "implanted single chamber and dual chamber permanent pacemakers in patients without sufficient medical need or justification" and "caused claims for medically unnecessary procedures and services to be submitted to healthcare benefit programs." [*Id.* at 3.] Chalhoub allegedly "knowingly and willfully" executed this scheme in order to defraud "Medicaid and other government health care benefit programs and private insurers." [*Id.* at 4.]

Relevant to the pending motion, the Defendant notified the United States of a new expert witness on March 22, 2018, several days before trial, which was set to begin on March 26, 2018.

[R. 108 at 1.] In his disclosure, the Defendant identified Ms. Miller and her credentials and outlined the scope of Ms. Miller's testimony: "the national averages for cardiologists who implanted pacemakers for the period 2012 to 2014;" and "the 90-day global period guidelines following pacemaker implantation." [R. 108-1 at 1-2.] The Defendant further provided the methodology used by Ms. Miller to determine these figures. [R. 108-1 at 2.]

## II

### A

The Government's principle argument for excluding Ms. Miller's testimony is that it is untimely. [R. 108 at 2.] The admission of expert testimony is governed by Federal Rules of Criminal Procedure Rule 16. "The defendant must, at the government's request, give to the government a written summary of any [expert] testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial" if the defendant has requested expert reports from the Government. Fed. R. Crim. P. 16(b)(1)(C). "If a party fails to comply with this rule, the court may: (A) order that party to permit the discovery or inspection ... ; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). To determine what action, if any, the Court should take, we consider three factors: the reason for the party's delay, including whether the party acted intentionally or in bad faith; the degree of prejudice to the opposing part;, and whether the prejudice can be cured with a less severe action. *See United States v. Wolford*, 656 F. App'x 59, 62 (6th Cir.); *see also United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995). "District courts should embrace the least severe sanction necessary doctrine, and hold that suppression of relevant evidence as a remedial device should be limited to circumstances in which it is necessary to serve remedial objectives." *United States v.*

*Ganier*, 468 F.3d 920, 927–28 (6th Cir. 2006) (internal quotations omitted); *see also Maples*, 60 F.3d at 247 ("[S]uppression of evidence must be viewed as an undesirable remedy reserved for cases of incurable prejudice or bad faith conduct demanding punishment by the court.")

The Government alleges the disclosure is untimely. It is. The Defendant does little to rebut this. The report was disclosed days before trial and twenty-one (21) months after the indictment was returned against the Defendant. The Defendant's reasons for this late disclosure are not compelling. He reports that on March 12, 2018, the Government provided the number of pacemakers Dr. Chalhoub implanted during the indictment period. [R. 112 at 2.] After receiving this information, Dr. Chalhoub determined that it would be useful to put the number of procedures he performed in context nationally. [*Id.*]

This Court finds Dr. Chalhoub's untimeliness inexcusable for two reasons. First, the Defendant waited an additional ten (10) days after March 12, 2018, to disclose his expert to the Government. At this late stage in the game, Defendant should have responded to the Government's disclosure much more quickly. Second, this entire case rests on the allegations that Dr. Chalhoub implanted a large number of pacemakers, many of which were allegedly unnecessary. The Defendant has known for years that this case "stems from a broader health care fraud investigation of unnecessary cardiac procedures at Saint Joseph Hospital in London." [R. 29 at 1.] The Defendant should have prepared a witness to this effect long ago and not only in response to an additional piece of evidence from the Government that the Defendant knew was coming.

Next, we consider the degree of prejudice to the opposing party and if less severe actions could cure the prejudice. There is a great amount of prejudice against the Government in this instance and this Court cannot find any less-severe sanction to remedy the prejudice. The

Government is prejudiced by having to prepare for an additional expert witness as this late stage in trial preparation. This is a complex case that parties have been preparing for nearly two years. The Government is likely focused on jury selection and its case in chief and the only appropriate remedy this Court can imagine is to permit a continuance or take a lengthy break from trial to allow the Government time to find the sources of Ms. Miller's calculations, review Ms. Miller's calculations, and present an adequate cross-examination or come up with their own witness to rebut Ms. Miller's testimony.

This Court enjoys broad latitude to determine an appropriate remedy here and is mindful of the Defendant's right to a speedy trial. *See* Fed. R. Crim. P. 16(d). "In addition to the general concern that all accused persons be treated according to decent and fair procedures, there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused." *Barker v. Wingo*, 407 U.S. 514, 519 (1972) (articulating a number of factors that weigh in favor of trying Defendants quickly). In *United States v. Pittman*, 816 F.3d 419, 424–25 (6th Cir.), the Sixth Circuit upheld the exclusion of an expert witness when "it could not admit the evidence without allowing further delays and giving the government additional time to prepare a rebuttal witness." "[U]nreasonable delay between formal accusation and trial threatens to produce more than one sort of harm, including . . . anxiety and concern of the accused[] and the possibility that the accused's defense will be impaired by dimming memories and loss of exculpatory evidence." *Doggett v. United States*, 505 U.S. 647 at 654 (1992) (internal citations and brackets omitted).

This Court has allowed multiple continuances and declared this case complex, resulting in nearly two years passing since the indictment was returned. The Defendant has a right to a speedy trial and allowing Ms. Miller to testify would delay this case further, causing more than

one type of harm, including to the Defendant's own case and to the community in its concern to try Defendants. *See Doggett*, 505 U.S. at 654.

Accordingly, the only less-severe remedy available to the Court, delaying trial, is inadequate. Ms. Miller's testimony will be excluded as it is "necessary to serve remedial objectives," namely preserving Dr. Chalhoub's right to a speedy trial. *Maples,* 60 F.3d at 247–48.

**B**

The Government also argues that Ms. Miller's testimony is irrelevant, as she seeks to testify about national averages for pacemaker installations for the years 2012 through 2014.[1] [R. 108 at 4.] Dr. Chalhoub was indicted for healthcare fraud occurring between March 2007 and July 13, 2011. [R. 1.] To be admissible, evidence must be relevant. Fed. R. Evid. 702, which governs expert testimony, states that "[a] witness who is qualified as an expert . . . may testify in the form of an opinion or otherwise if . . . the expert's . . . knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."

The Defendant confusingly responded that Ms. Miller's testimony "overlaps for the year 2012," but 2012 is not included in the indictment. [R. 112 at 3.] Further, the Defendant argues that data for the years named in the indictment was not available to Ms. Miller to analyze. However, Rule 702 does not allow irrelevant evidence simply because relevant evidence is not available. Testifying to the average number of pacemakers installed nationwide during a time period not covered by the indictment is irrelevant and would not help the trier of fact understand

---

[1] The Government also argues Ms. Miller's testimony about the 90-day waiting period to bill is irrelevant. [R. 108 at 4.] Without knowing more of the context of this evidence, the Court does not find that this portion of her testimony is irrelevant, but is still barred as untimely.

the evidence or determine a fact in issue. Fed. R. Evid. 702. In addition to being untimely, Ms. Miller's testimony is also irrelevant and, therefore, inadmissible.

### III

Ms. Miller is excluded as an expert witness in this case as she was not timely disclosed and there is no less-severe action that could remedy the prejudice suffered by the Government. Further, her testimony is irrelevant and will not assist the trier of fact. Accordingly, it is hereby ordered that the United States's Motion in Limine to Exclude Cristine Miller [R. 108] is **GRANTED**.

This the 25th day of March, 2018.

Gregory F. Van Tatenhove
United States District Judge