UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>ANIS CHALHOUB, M.D.,<br><br>    Defendant. | Criminal No. 6:16-cr-00023-GFVT-HAI<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

On the third day of trial, the Government called Dr. Oluwole John Abe as a fact witness. However, on cross examination, Defense Counsel elicited opinion testimony from Dr. Abe. As a result, the Court instructed the jury according to the Sixth Circuit Pattern Jury Instruction 7.03A for Witnesses Testifying to Both Facts and Opinions. At the close of trial for the day, the Defense moved for a mistrial based on this instruction. They later filed a Motion for Mistrial in the record. [R. 117.]

"A defendant may move for a mistrial where there is a legitimate claim of seriously prejudicial error." *United States v. Moore*, 917 F.2d 215, 220 (6th Cir. 1990). Declaring a mistrial is within the "discretion of the trial court" and "a determination of the fairness to the accused is the primary concern" when determining whether a mistrial should be granted. *Id.*

From time to time, witnesses are called as primarily fact witnesses but are asked questions, based on their expertise, to give an opinion. Traditionally, courts have been careful to make sure that juries can distinguish between the two types of testimony. Sixth Circuit teaching says that an instruction should be given contemporaneous with that testimony as well as at the

end of the trial. *See United States v. Lopez-Medina*, 461 F.3d 724, 743 (6th Cir. 2006). In fact, it's error, though not always reversible error, to ***not*** give the instruction. The Sixth Circuit has held explicitly that "it is an error to permit a witness to testify both as a fact witness and as an expert witness unless there is a cautionary jury instruction regarding the witness's dual witness roles **or** a clear demarcation between the witness's fact testimony and expert opinion testimony." *United States v. Smith*, 601 F.3d 530, 540 (6th Cir. 2010) (internal quotations and brackets omitted; emphasis added). "A failure to instruct can prejudice the defendant." *Id.*

Here, Dr. Abe testified to only facts during the direct examination by the Government. [*See* R. 116 at 1-21.][1] During the Defendant's cross examination, however, he expressed several opinions specifically elicited by the Defense. [*See* R. 116 at 21-67.] Notably, as soon as Defense counsel opened the door to Dr. Abe's opinion testimony, the Government objected to extending Dr. Abe's testimony to opinion. [R. 116 at 51.] At sidebar, the Court indicated that, if Dr. Abe opined as the Defense asked him to, it would need to give Sixth Circuit Pattern Jury Instruction 7.03A contemporaneously with the witness. [R. 116 at 55.] Nevertheless, the Defense continued and elicited multiple instances of opinion testimony:

> Q. Dr. Abe, I think the question was that a -- find my place in here -- a patient who had had a valve replacement and who had AV block, which this patient had both of those; is that right?
> A. Yes.
> Q. Would -- under the guidelines would be an appropriate candidate for a pacemaker?
> A. Yes.

[R. 116 at 58.]; *see also* [R. 116 at 59] ("Q. And I know you didn't -- you're not talking about the time the pacemaker was implanted, but dizziness and near fainting are symptoms that if connected with a low heart rate, slow heart rate, would be consistent with the need for a

---

[1] Most notably, the Defendant actually objects to this as well; stating that "[t]he government sought both fact and opinion testimony from Dr. Abe." [R. 117 at 2.]

pacemaker? A. Yes."); [R. 116 at 60] ("Q. Okay. So on -- on the day you saw him, he was suffering from this particular condition, and a patient with that condition would be appropriate for a pacemaker without symptoms? A. On that day, yes."). Dr. Abe, responding to questions by Defense counsel, clearly went beyond describing a set of facts to opining on whether or not he thought certain patients would be appropriate candidates for pacemakers. Dr. Abe expressed **opinions** favorable to Defendant, which was candidly admitted by Defense counsel when arguing for a mistrial. Consequently, the Court, on the same day of the testimony, instructed the jury using the pattern jury instruction, Sixth Circuit Pattern Jury Instruction 7.03A for Witnesses Testifying to Both Facts and Opinions, to guide them on considering both types of evidence. This was not only appropriate, but necessary to avoid a finding of error. This was not an error, much less a prejudicial error requiring a mistrial. *See Moore*, 917 F.2d at 220.

It's rare for a lawyer to object to the language of a pattern jury instruction, much less to argue that it's ground for a mistrial. That's what presents itself here. After reviewing the record, and finding Dr. Abe did express medical opinion as well as fact testimony, the instruction was appropriate and the motion for mistrial is **DENIED**.

This the 3rd day of April, 2018.

Gregory F. Van Tatenhove
United States District Judge

3