UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>     Plaintiff,              )<br>                              )<br>V.                            )<br>                              )<br>ANIS CHALHOUB, M.D.,          )<br>                              )<br>     Defendant.              )<br>                              ) | Criminal No. 6:16-cr-00023-GFVT-HAI<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

*** *** *** ***

This matter is before the Court on the Defendant's motion for release pending appeal. [R. 191.] Because he has not adequately raised a substantial question of law or fact likely to result in reversal, this motion must be **DENIED**. *See* 18 U.S.C. § 3143(b).

**I**

Dr. Chalhoub was charged in June 2016 with one count of health care fraud pursuant to 18 U.S.C. § 1347. [R. 1.] According to the indictment, from March 2007 until July 13, 2011, Dr. Chalhoub executed a scheme to defraud health care benefit programs. *See id.*

Over the course of the trial, the Government presented evidence seeking to prove that Dr. Chalhoub "implanted single chamber and dual chamber permanent pacemakers in patients without sufficient medical need or justification." [R. 1 at 3.] They called several cardiologists, who either reviewed the Government's files or treated Dr. Chalhoub's patients. [R. 161 at 2.] They also called witnesses from Medicare, Medicaid, and several private insurers, who testified on medical necessity as "an absolute precondition to payment." [R. 161 at 3.] Further, twelve of Dr. Chalhoub's former patients testified about their experiences as his patients. [R. 161 at 4.] The jury found Dr. Chalhoub guilty of the one count indictment. [R. 134.]

Following the jury's verdict, Dr. Chalhoub filed post-trial motions for a judgment of acquittal pursuant to Rule 29 and a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. [R. 150; R. 152.] These requests were denied. [R. 166.] This Court sentenced Dr. Chalhoub on October 30, 2018 to forty-two months imprisonment followed by three years of supervised release. [R. 173.] Dr. Chalhoub has appealed the jury's verdict, and now moves this court for release pending the outcome of that appeal. [R. 191.]

## II

### A

The Bail Reform Act, 18 U.S.C. § 3143(b), creates a presumption against release pending appeal. *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988), *cert. denied*, 488 U.S. 893 (1988). In order to be released pending appeal, a defendant must establish two things: first, he must show, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of another person or the community; and second, that the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b); *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002); *Vance*, 851 F.2d at 167 (noting that defendant bears the burden of overcoming statutory presumption of detention).

In determining whether a question on appeal raises "a substantial question of law or fact," a Court does not need to find that it committed reversible error. *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985). To determine whether the question is, in fact, substantial, "a judge must essentially evaluate the difficulty of the question he previously decided." *United*

*States v. Sutherlin*, 84 F. App'x 630, 631 (6th Cir. 2003) (*quoting United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir. 1986)). It must be a "close question" that can "go either way." *Pollard*, 778 F.2d at 1182 (citations omitted). The defendant bears the burden of proving the substantiality of the question. *Vance*, 851 F.2d at 167.

**B**

**1**

Defendant's motion [R. 191] makes no argument for his release and in fact does little more than request that this Court review his previously filed Motion for a New Trial and the arguments therein, which this Court has previously denied. [R. 152; R. 166.] In that pleading, Dr. Chalhoub first contends that the Government failed to present sufficient evidence of his mental state and intent to defraud. [R. 152 at 9–22.] This Court has already considered the sufficiency of the evidence in ruling on Defendant's Rule 29 motion. [R. 166.] When considering a Rule 29 motion based on an alleged insufficiency of the evidence, the Court may not reweigh the evidence, reevaluate the credibility of witnesses, or substitute its judgment for that of the jury. *See United States v. Callahan*, 801 F.3d 606, 616 (6th Cir. 2015). Instead, the Court views all of the evidence in the light most favorable to the Government, and then it considers whether any rational trier of fact could find the elements of the counts of conviction beyond a reasonable doubt. *See, e.g.*, *United States v. Vichitvongsa*, 819 F.3d 260, 270 (6th Cir. 2016); *United States v. Villarce*, 323 F.3d 435, 438 (6th Cir. 2003). "In sum, a defendant claiming insufficiency of the evidence bears a very heavy burden." *Callahan*, 801 F.3d at 616 (quoting *United States v. Jackson*, 473 F.3d 660, 669 (6th Cir. 2007)).

Further, even without direct evidence, a jury may infer the requisite knowledge and intent of a defendant. *United States v. Davis*, 490 F.3d 541, 549 (6th Cir. 2007). The jury is permitted

to consider circumstantial evidence, such as efforts to conceal the activity, misrepresentations, proof of knowledge, and proof of profits, to infer evidence of intent. *Id.* Additionally, the Sixth Circuit maintains that this circumstantial evidence is enough to sustain a conviction. *United States v. Hughes*, 505 F.3d 578, 592 (6th Cir. 2007) (quoting *United States v. Stone*, 748 F.2d 361, 362 (6th Cir. 1984)).

In order to convict Dr. Chalhoub, the jury was required to find that he "knowingly devised a scheme or artifice to defraud a health-care benefit program in connection with the delivery of or payment for the health-care benefits." *United States v. Medlock*, 792 F.3d 700, 711 (6th Cir. 2015). According to Dr. Chalhoub, the jury was faced with a choice between three equally valid inferences that could explain the implantation of unnecessary pacemakers by Dr. Chalhoub. [R. 152 at 10.] The pacemakers could have been implanted "(1) based on disputed, but good faith medical judgment by Dr. Chalhoub, or (2) as a result of poor medical judgment that arguably fell below the standard of care, . . . or (3) as part of a knowing and willful scheme to defraud insurance companies." *Id.* The crux of Dr. Chalhoub's argument is that the Government did not present direct evidence that would allow a reasonable trier of fact to find he had a "willful intent to defraud—to the exclusion of either good faith disagreement among professional or poor medical judgment amounting to malpractice[.]" *Id.*

As this Court has already noted, Dr. Chalhoub's arguments track closely with those in *Paulus*. [*See* R. 166.] The Sixth Circuit confirmed in *Paulus* that upholding a healthcare fraud conviction is appropriate in cases of "diagnostic ambiguity." *United States v. Paulus*, 846 F.3d 267, 267 (6th Cir. 2018). In *Paulus*, the Government proved that "Paulus repeatedly and systematically saw one thing on the angiogram and consciously wrote down another, and then used that information to perform and bill unnecessary procedures. The difficulty of interpreting

4

angiograms has no bearing on the capacity of these statements to be false." *Id.* Likewise, while the jury could have concluded that Dr. Chalhoub "was acting in good faith and that the government's experts were 'unfairly second-guessing his reasonable decisions,'" they did not. *Id.* (quoting *United States v. Persaud*, 866 f.3d 371, 384 (6th Cir. 2017)). At trial for Dr. Chalhoub, the Government presented circumstantial evidence that could indicate Dr. Chalhoub had motive and intent to defraud. [*See* R. 166.] After hearing testimony of the experts from both sides, the jury determined the pacemakers were not medically necessary and convicted Dr. Chalhoub. It is true that reasonable physicians may sometimes differ on the necessity for a patient's pacemaker, but *Paulus* clearly holds that the possibility of ambiguity does not make a jury's verdict *per se* against the weight of the evidence. A rational jury was free to rely on this circumstantial evidence of motive, intent, and misrepresentation to return a verdict finding the Defendant guilty. *See Stone*, 748 F.2d at 362 (noting that "circumstantial evidence alone can sustain a guilty verdict" and that such evidence "need not remove every reasonable hypothesis except that of guilt").

In light of Sixth Circuit direction in *Paulus*, this Court does not find Defendant's argument concerning medical necessity to be a question that could go either way on appeal. *See United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (citations omitted). Thus, Defendant's argument does not overcome the presumption against release pending appeal.

**2**

Dr. Chalhoub also alleges a substantial number of trial and legal errors occurred during his trial. [*See* R. 152 at 23–42.] The Court has previously addressed these arguments in its order denying Defendant's motion for a new trial, and will not reiterate their denial here. [R. 166.] This Court held, and holds again, that there was no legal or trial error sufficient to warrant a new

5

trial under either Rule 29 or Federal Rule of Criminal Procedure 33. [R. 166 at 14; Fed. R. Crim. P. 33.] Again, Defendant's arguments do not overcome the presumption against release pending appeal.

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Defendant's Motion for Bond Pending Appeal [**R. 191**] is **DENIED**.

This the 20th day of December, 2018.

Gregory F. Van Tatenhove
United States District Judge